

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARVEY L. SEARCY, <br> Petitioner, <br><br> v. <br><br> STATE OF TEXAS, <br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § | 3:15-CV-1890-N |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case was referred for findings, conclusions, and recommendation.

### I. BACKGROUND

Petitioner is a pretrial detainee at the Ellis County Jail. He filed a notice of removal to remove pending state criminal charges to federal court. Petitioner is charged with assault of a public servant in cause number 39316-CR.

Petitioner claims Respondent has violated his right to privacy, right to due process, right to be free of unreasonable searches and seizures and the right to a reasonable bond amount.

### II. ANALYSIS

The federal removal statute authorizes the removal of a pending state criminal prosecution:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.[1]

To remove a case under section 1443(1), the petitioner must show both that (1) the right allegedly denied him arises under a federal law "providing for specific rights stated in terms of racial equality;" and (2) that he cannot enforce the specified federal right in state court. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780 (1966)). The petitioner bears the burden of establishing his right to removal under section 1443. *State of Tex. v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86-87 (5th Cir. 1982).

Even assuming a proper notice of removal within the requisite thirty-day period under section 1446(c), Petitioner fails to meet the two-prong test. His pleadings, liberally construed in light of his *pro se* status, fail to allege that he has been denied a federal right arising under a specific law or statute protecting racial equality.

Further, conclusory allegations are insufficient to support removal of a criminal case under section 1443(1). As the Supreme Court concluded in *Johnson*, "it [is] not enough to support removal to allege that 'federal equal civil rights have been illegally and corruptly denied by state administrate officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court.'" *Johnson*, 421 U.S. at 222 (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966)). The Court also noted that "there are varied avenues of relief open to these defendants for vindication of any of

---

[1] Petitioner cannot seek removal under subsection 1443(2), which is "limited to federal officers and those authorized to act for them or under them." *Varney v. State*, 446 F.2d 1368, 1369 (5th Cir. 1971) (*per curiam*) (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966)). Thus, the Court will focus only on whether Petitioner can properly remove his state criminal action under subsection 1443(1).

their federal rights that may have been or will be violated." *Id.* at 228 (citing *Peacock,* 384 U.S. 828-830). Thus, Petitioner has failed to show that the rights allegedly denied him arise under a federal law providing for specific rights stated in terms of racial equality, as required for removal under section 1443(1).

Moreover, it is clear that Petitioner cannot meet the second requirement for removal, that is, that he cannot enforce the specified federal rights in state court. His pleadings do not refer to any state law that would restrict his ability to enforce his federal rights in the state court criminal proceedings. Accordingly, Petitioner cannot establish his right to removal under section 1443(1), and the petition should be dismissed.

### III. RECOMMENDATION

For the foregoing reasons, the District Court should deny Petitioner's request to remove his state criminal prosecution under 28 U.S.C. § 1443(1), and remand this case to the 40th Judicial District Court of Ellis County, Texas.

SIGNED this 17 day of July, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).